IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America                                    Case No. 3:09CR479

               Plaintiff

     v.

                                        ORDER
Juan Nobles

               Defendant

This is a criminal case in which defendant Juan Nobles plead guilty to a charge of felon in possession of a firearm. Pending is Magistrate Judge James R. Knepp's Report & Recommendation [Doc. 51] recommending that I deny Nobles's Motion for an Extension of Time to File an Appeal [Doc. 32] and Motion for Hearing and to Transport Defendant. [Doc. 45].

For the reasons that follow, I accept and adopt the Magistrate Judge's Report & Recommendation.

**Background**

On July 6, 2010, I sentenced Nobles to eighty-seven months incarceration and three years of supervised release. At the conclusion of the sentencing hearing, I advised him of the right to appeal and the necessity, if he desired to do so, of filing a timely notice of appeal.

The Clerk entered the sentencing judgment entry on July 8, 2010.

On August 2, 2010, Nobles, acting *pro se*, wrote a letter to the Clerk of Court, in which he stated: "Dear Clerk: I am writing you to request the following documents. 1. The complaint and attached Affidavit. 2. The *forms for my appeal*. 3. The transcripts to my plea hearing etc., docket entries # 5, 7, 16, 17, 20, 28." [Doc. 32, Ex. A] (emphasis supplied). Nobles sent this letter within the time for filing a notice of appeal.

On October 4, 2010, Nobles filed the pending Motion for Extension of Time to File a Notice of Appeal. Nobles attached a Notice of Appeal to that Motion. Nobles filed these motions after the time to file a notice of appeal and/or obtain an extension to do so had expired.

The Magistrate Judge correctly concluded that Nobles did not file his Motion for Extension of Time or the attached Notice of Appeal within the forty-four day time period prescribed by Fed. App. R. 4(b).

The Magistrate Judge also correctly concluded that Nobles's timely letter requesting "the forms for [his] appeal" does not constitute a formal notice of appeal or its functional equivalent. [Doc. 32, Ex. A].

## Discussion

At issue is whether, as of when he sent his letter to the Clerk of Court, Nobles filed the functional equivalent of a timely notice of appeal.

Under Fed. App. R. 4(b)(1)(A), a defendant has fourteen days after the entry of judgment to file a notice of appeal. The district court may extend the filing period up to thirty days on a showing of good cause or excusable neglect. Fed. App. R. 4(b)(4). Compliance with Rule 4 is mandatory and jurisdictional. *U.S. v. Robinson*, 361 U.S. 220, 228-30 (1960).

2

Under Fed. App. R. 3(c), a notice of appeal must state: 1) "the party or parties taking the appeal"; 2) "the judgment, order, or part thereof being appealed"; and 3) "the court to which the appeal is taken." Functional compliance with Rule 3 will save a notice of appeal that fails to conform to the letter of the rule. *Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006).

Rule 3(c) serves two functions. First, it avoids inconsistency, vagueness and redundant litigation. Second, Rule 3 ensures, as a matter of due process, sufficient notice to the other parties and the court. *Dillon v. U.S.*, 184 F.3d 556, 558 (6th Cir. 1999).

When only one avenue of appeal exists, notice need not specify the court to which appeal is taken to satisfy Fed. App. R. 3(c). *Id.* at 558. Failure to name the party taking the appeal will not invalidate an otherwise timely notice when there is no genuine doubt about that party's identity. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988). Under *Dillon* and *Torres*, Nobles's letter of August 2, 2010, meets the functional requirements of Rules 3(c)(1)(A) and (C) as to, respectively, the court to which appeal is taken and the identity of the appellant.

But Nobles's August 2nd letter did not satisfy the requirement of Rule 3(c)(1)(B) that a notice of appeal must "designate the judgment, order, or part thereof being appealed." The Sixth Circuit has insisted on compliance with this requirement. *U.S. v. Glover*, 242 F.3d 333, 337 (6th Cir. 2001).

The Magistrate Judge correctly concluded that Nobles's letter satisfies neither the form nor function of Rule 3(c)(1)(B). By referring only to "the forms for my appeal" [Doc. 32, Ex. A], Nobles called on the government and the court to "divine [his] intended appellate targets." *Glover*, *supra*, 242 F.3d at 337. Nobles's letter may have indicated an intent to appeal something sometime in the

future, but the letter served neither of the purposes of Rule 3. The letter is too vague to notify the court and the parties what Nobles intended to appeal.

Nobles argues he should be held to a "less stringent" standard because he wrote the letter while acting *pro se*. *Cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (when adjudicating a motion to dismiss, a court should liberally construe a *pro se* litigant's pleading).

The Sixth Circuit applied the liberal construction rule in *U.S. v. Terrell*, 345 Fed. App'x 97, 2009 WL 2762745 (6th Cir. 2009) (unpublished disposition). In that case, the trial court had entered an order on June 24, 2008, partially granting the defendant's motion to reduce his sentence. Within the time to do so, the defendant filed a notice of appeal which stated he was "'appealing the order of this Court dated June 6, 2008 and July 7, 2008.'" *Id.* at 101, 2009 WL 2762745, *3. The only order that the court had entered in June was the order of June 24th.

The court of appeals held it had jurisdiction to review the sentencing order's merits, although the *pro se* defendant's notice of appeal had not precisely identified the order from which he was appealing. The court concluded that, because "there was never any order issued on June 6 or any other day in June . . . it is clear that [the defendant's] mention of a June order was in reference to the June 24 order." *Id*.

The notice of appeal in *Terrell* served the purposes of Rule 3(c)(1)(B). In this case, however, neither the parties nor the court can glean the subject of Nobles's appeal from his mere request for "the forms for my appeal."

Candidly, I would prefer to give the defendant a chance to appeal. But precedent requires denial of the opportunity to do so. Adherence to the rule is warranted even though it "may have

harsh results in certain circumstances." *Glover, supra,* 242 F.3d at 35 (quoting *Minority Employees v. Tennessee Dep't of Employ't Sec.*, 901 F.2d 1327, 1329 (6th Cir. 1990) (en banc)).

I also note that, to the extent that the defendant's instant motions seek an extension of time within which to file his appeal, they are untimely.

On *de novo* review of the record and Report & Recommendation, I accept and adopt the Magistrate Judge's findings and conclusions, and conclude that, because the defendant did not file a timely notice of appeal or its functional equivalent, I lack jurisdiction to grant an extension of time.

### Conclusion

In light of those findings and that conclusion, it is hereby

ORDERED THAT the defendant's Motion for Extension of Time to File Notice of Appeal [Doc. 32] and Motion for Hearing and the Transport Defendant [Doc. 45] be, and same hereby are denied.

So ordered.

s/James G. Carr
Sr. United States District Judge